IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Richard F.V. Bowman, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:21-cv-02684-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Sgt. Anderson, Lt. Moss, and Warden Williams, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Richard F.V. Bowman, III, a prisoner proceeding *pro se* and *in forma pauperis*, brought this action against Defendants pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 3; 8). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Subsequently, Defendants filed a motion for summary judgment. (ECF No. 28). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of Defendants' motion and the possible consequences if Plaintiff failed to adequately respond thereto. (ECF No. 29). The *Roseboro* order was mailed to Plaintiff at the address he provided the court, (ECF No. 30), and has not been returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received the *Roseboro* order. Nevertheless, to date, Plaintiff has failed to file any response to Defendants' motion or to the magistrate judge's *Roseboro* order.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's case for failure to prosecute pursuant to *Chandler Leasing Corporation v. Lopez*, 669 F.2d 919 (4th Cir. 1982). (ECF No. 33). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 34), and has not been returned

as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 33 at 3), but failed to do so. The time for Plaintiff to object to the Report has long since expired, and this matter is ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

In *Lopez*, the Fourth Circuit reviewed a dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Lopez*, 669 F.2d at 920 (relying on *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), addressing the standard for dismissal under Rule 41(b)). It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g., Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition

of cases." *Link*, 370 U.S. at 630–31.  In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).  *Attkisson*, 925 F.3d at 625.  In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis*, 588 F.2d at 70 (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted).  These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case.  *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal.  *See Ballard*, 882 F.2d at 95–96.

Here, as the magistrate judge correctly found, the factors weigh in favor of dismissal.  As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the court's orders.  Plaintiff was specifically warned that his case would be subject to dismissal if he failed to adequately respond to the Defendants' motion for summary judgment.  *See* (ECF No. 29).  The court concludes that Plaintiff's lack of response to Defendants' motion, the magistrate judge's *Roseboro* order, or the Report indicates an intent to no longer pursue this action and subjects this case to dismissal.  *See* Fed. R. Civ. P. 41(b).  Furthermore, because Plaintiff was explicitly warned

that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 33), which is incorporated herein by reference. Therefore, this case is **DISMISSED without prejudice** pursuant to Rule 41(b) for failure to prosecute and to comply with court orders.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 6, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Consequently, the Defendants' motion for summary judgment (ECF No. 28) is **DENIED as moot**.